UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY LEE POWELL,

 Petitioner,

v.                    CASE NO. 6:13-cv-525-Orl-37KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

 Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  The Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 7).  Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges four grounds for relief.  For the following reasons, the petition is denied.

### I.  *Procedural Background*

Petitioner was charged with robbery (count one), trespass after warning (count two), and petit theft (count three).  Prior to trial, the trial court dismissed count three, and Petitioner entered a plea of guilty to count two.  A jury found Petitioner guilty of count one.  The trial court sentenced Petitioner to a fifteen–year term of imprisonment as a prison releasee reoffender for the robbery conviction and to time served for the

trespass conviction. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The state court denied two claims and held a hearing on two claims. After the hearing, the state court denied the remaining claims. Petitioner appealed. The Fifth District Court of Appeal affirmed *per curiam*.

## II.    Legal Standards

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d

2

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

3

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

### III. *Analysis*

#### A. *Claim One*

Petitioner asserts that counsel rendered ineffective assistance by failing to obtain and present the security video from J.C. Penny's. In support of this claim, Petitioner argues that the video would have demonstrated that he abandoned the merchandise after exiting the store and before store employees attempted to detain him.

Petitioner raised this claim in his Rule 3.850 motion. The state court held an evidentiary hearing on the claim. In denying relief, the state court determined that there was no evidence that a video existed of the incident, which occurred outside of the store. (App. U at 136-38.) The state court further noted that counsel had no reason to believe that store surveillance cameras that were focused on the doors of the store would have captured images occurring outside the doors or in the parking lot. *Id.* at 140. The state court concluded, therefore, that counsel was not deficient for failing to obtain the surveillance video. *Id.*

The state court's denial of this claim is supported by the record. Although a J.C. Penny's employee indicated that surveillance video was taken within the store, including video of the doors, there is no evidence that those videos would have captured the incident in this case. The incident occurred outside the store on the sidewalk. Even assuming that the incident took place directly in front of the store doors, there is no indication that cameras inside the store focused on the doors would have recorded the incident. Petitioner, therefore, has not established that counsel was deficient for failing

5

to obtain the surveillance video or that a reasonable probability exists that the outcome of the trial would have been different had counsel done so. Accordingly, claim one is denied pursuant to section 2254(d).

### B.    *Claim Two*

Petitioner contends that counsel rendered ineffective assistance by failing to request a jury instruction on abandoned property. Petitioner argues that his theory of defense was that he abandoned the items taken from J.C. Penny's prior to the use of force and thus an abandonment instruction was necessary.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied the claim after an evidentiary hearing. (App. U at 140-42.) The state court determined that there was no showing that the property was abandoned before the force and that counsel requested three lesser-included jury instructions. *Id*.

The state court's denial of this claim is not contrary to, or an unreasonable application of, *Strickland*. At trial, two J.C. Penny's employees testified that Petitioner had the items in his hand when they approached him at which time Petitioner told them that the items belonged to him and a scuffle ensued during which Petitioner dropped the items. (App. D at 60-61, 170-72.) A mall security officer, who arrived after the altercation began, testified that he observed the bag of items on the ground. (App. D at 94-96, 99.)

Counsel argued that Petitioner dropped the items when approached by the store

6

employees and before force was used. Counsel requested, and the jury was instructed on, the lesser-included offenses of resisting a merchant and petit theft.

In light of the evidence presented, Petitioner has not demonstrated that counsel was deficient for failing to request a special instruction on abandoned property. Furthermore, he has not shown that a reasonable probability exists that the outcome of the trial would have been different had such an instruction been requested. The jury found Petitioner guilty of robbery, rejecting the lesser-included offenses. Accordingly, claim two is denied pursuant to section 2254(d).

### C.     *Claims Three and Four*

In claim three, Petitioner asserts that counsel rendered ineffective assistance by failing to file a pretrial motion to dismiss the robbery charge. Petitioner also maintains in claim four that counsel was ineffective for failing to move to suppress the 911-recording admitted at trial.

Petitioner raised claims three and four in his Rule 3.850 motion. The state court summarily denied the claims. Petitioner did not appeal the denial of these claims.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v.*

*Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted).   The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful."   *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).   Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court.   Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id*.; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Although Petitioner filed an appellate brief on appeal from the denial of his Rule 3.850 motion, he did not appeal the trial court's denial of claims three and four.   (App. X.)   Petitioner's failure to specifically raise these claims in his initial brief on appeal resulted in the abandonment of the claims.   *See Wood v. Tucker*, No. 5:10cv200/RS/EMT, 2012 WL 2511428, at *7 n.10 (N.D. Fla. May 31, 2012) (citing *Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (*en banc*) (holding that although state procedural rules do not require an appellant to file an initial brief on appeal from the summary denial of a Rule 3.850 motion, if an appellant does file an initial brief, the failure to raise certain issues in the brief results in the abandonment of those claims)); *see also Austin v. State*, 968 So. 2d 1049 (Fla. 5th DCA 2007) (holding claims not raised in appellate brief were abandoned).

9

Thus, these claims are unexhausted and procedurally barred from review by this Court absent an exception to the procedural default bar.

Procedural default will be excused in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The Supreme Court of the United States has also held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez*, 132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

In the instant case, Petitioner has not established either cause or prejudice or actual innocence to overcome the procedural default of claims three and four. Accordingly, claims three and four are procedurally barred from review by this Court.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Johnny Lee Powell is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of November, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
Johnny Lee Powell
Counsel of Record